CATHERINE EGAN, TRADING, ETC., RESPONDENT, v. CITY OF GARFIELD, APPELLANT.

Argued October 18, 1945—Decided January 24, 1946.

For the appellant, *Henry L. Janowski*.

For the respondent, *Abraham M. Herman*.

The opinion of the court was delivered by

PARKER, J. This action was tried before Honorable Edwin C. Caffrey, a Circuit Court Judge without a jury and judgment entered for the plaintiff on the first count of the complaint, the second count being dismissed without prejudice as prematurely brought. The contract sued on was a contract of garbage removal. It is very lengthy and need not be reproduced here in full because only one feature of the agreement is involved in the present action.

Under the terms of the contract the plaintiff, Egan, was to collect the garbage regularly and remove it to a suitable dump, which latter was to be provided by the contractor. The term fixed in the contract was for three years, but it

was expressly terminable on notice by either party. The particular provision of the contract involved in this cause was to the effect that either the city or the contractor should have the privilege of terminating the contract on a ninety days' notice in writing, and that in the event that the contractor should exercise the privilege of terminating the contract, "that said contractor shall furnish the city with dumping space and dumping privileges for the balance of the term of this contract, for a consideration hereinafter mentioned. Said dumping space shall be maintained by the contractor during the balance of the term of this contract, and shall not be more than ten (10) miles distant from the city limits of the City of Garfield * * *." There is a further provision which is the important feature of this case which reads as follows: "The City further agrees that in the event the Contractors exercise their privilege to terminate this contract upon a ninety (90) day written notice to the City, to pay the sum of Two Hundred ($200) Dollars per month to the Contractors for the balance of the term of said contract for the use of the dumping space to be provided by the Contractors as hereinabove stipulated." The contractor, Egan, did terminate the contract by serving notice in the manner provided; and, as required did provide and permit the use of the dump; and later brought this suit for $1,000 based on use of the dump by the city for five months which had actually elapsed; and in the second count demanded a further $200 a month until the expiration of the main contract by limitation. The court awarded judgment for the $1,000, as claimed, with interest, but dismissed the second count without prejudice. There is no appeal from that dismissal; the appeal is by the city, and the grounds of appeal are three in number. The first ground alleges error in holding that the agreement required the city to pay $200 a month for a dumping ground "regardless of whether the City of Garfield used it or not." The second ground merely alleges general error and need not be specially considered at this time. The third ground alleges error in applying the $200 a month rule for five months, whereas it is claimed that the court "should have applied"

as the rule of damages the difference between the contract price and "the actual rental value of the dumping grounds." The third ground is plainly frivolous and needs no particular discussion. The second ground, as already noted, merely alleges general error.

The crux of the appeal is the first ground which involves the question whether in case of termination of the contract by the contractor, the use of the dumping ground by the city is something for which the city must pay whether its privilege is exercised or not. We are clearly of opinion that the provision of the contract calling for $200 a month was not predicated upon any optional use of the dumping ground by the city, but was an integral feature of the main contract for the garbage removal. The contract was to run normally for three years. It required the contractor to furnish and maintain a suitable dumping ground during the entire period of the contract, and that if the present dumping ground became unavailable, to procure and furnish a new dumping ground without additional cost to the city. Another paragraph of the contract expressly provides that either the city or the contractor may terminate the contract on ninety days' notice, and goes on to provide that if the contractor so terminates the contract, the contractor shall furnish the city with dumping space and dumping privileges for the balance of the term of the contract for a consideration hereinafter mentioned. "Said dumping space shall * * * be not more than ten miles distant from the city limits," and that the contractor shall provide suitable ingress and egress at all times and furnish fire fighting equipment and perform all necessary work to properly maintain and care for the dumping space. The final clause, which is the important clause in this case, is that "the city further agrees that in the event the contractors exercise their privilege to terminate this contract upon a ninety (90) day written notice to the city, to pay the sum of Two Hundred ($200.00) Dollars per month to the Contractors for the balance of the term of said contract for the use of the dumping space to be provided by the Contractors as hereinabove stipulated."

The substance of all this seems plainly to be, so far as relates to the present litigation, as follows: The contractor, after a certain time has elapsed, may terminate the obligation to remove the garbage; but the contractor will have already provided a suitable space for the dumping of garbage, based presumably on the requirement of sufficient room to take the garbage for the full contract period. However, the contractor reserved the right, after a specified time had elapsed, to discontinue the removal of the garbage and require the city to do that, but reserved the right of reimbursement for the cost of the garbage tract by the requirement of the payment of the $200 a month. To put the matter in a somewhat different way, the contractor was entitled to terminate the contract on a ninety days' written notice. That without more would, of course, put the city in a position where it might be obliged to acquire a dumping ground so that really the city was protected in that regard by the provision that the dumping ground of the plaintiff would be available for a definite time at a stipulated rent.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 15.

*For reversal*—None.